UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TIMOTHY J. BARNES<br><br>*Plaintiff,*<br><br>vs.<br><br>TOWN OF JOHNSTON, by and through its Treasurer, RICHARD F. CONNORS, et al.,<br><br>*Defendants.* | CA 05 072 L<br><br>C.A. No.<br><br>*(R.I. Superior Court C.A. No. PC04-4558)* |

**PETITION FOR REMOVAL**

**To: The United States District Court for the District of Rhode Island**

1. Defendants, the Town of Johnston School Department, Elizabeth Mantelli, Margaret Iacovelli, and Michael Jolin, are defendants in a civil action filed in the Providence County Superior Court entitled, *Timothy J. Barnes v. Town of Johnston*, *C.A. No. PC04-4558.* Attached to this petition is a complete and certified copy of the record from the Providence County Superior Court.

2. The aforesaid action was commenced with the filing of a Summons and Complaint. Upon information and belief, this complaint was served on or about February 4, 2005.

3. The above described action, as stated in Plaintiff's Complaint, is one of which this Court has original jurisdiction, pursuant to the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by these Defendants, pursuant to the provisions of 28 U.S.C. § 1441(a)-(d).



2

*{Original C.A. No. PC04-4558}*

Defendants,
By their attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Petition for Removal was mailed, postage prepaid, on this ~~21st~~ 22nd day of February 2005, to:

V. Edward Formisano, Esq.
Sinapi & Formisano, Ltd.
100 Midway Place, Suite 1
Cranston, RI 02920
(401) 944-9690
(401) 943-9040 fax

Marc B. Gursky, Esq.
Gursky Law
18 Imperial Place
Providence, RI 02903

Anthony DeMarco, Esq.
Reynolds, DeMarco & Boland
170 Westminster Street, Suite 200
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TIMOTHY J. BARNES<br><br>*Plaintiff,*<br><br>vs.<br><br>TOWN OF JOHNSTON, by and through its Treasurer, RICHARD F. CONNORS, et al.,<br><br>*Defendants.* | C.A. No.<br><br>*(R.I. Superior Court C.A. No. PC04-4558)* |

**EXHIBITS IN SUPPORT OF PETITION FOR REMOVAL**

Exhibit A – Superior Court Docket Sheet (2/22/05)

Exhibit B – Certified Copy of Superior Court File

1. Superior Court Docket Sheet (8/23/04)
2. Return of Service – Dr. Michael W. Jolin
3. Return of Service – Lou Martone
4. Return of Service – Erik Bryson
5. Return of Service – Gregory Russo
6. Return of Service – Timothy Sprouls
7. Return of Service – Michael Taraborelli
8. Return of Service –Lou Salera
9. Return of Service – Carol Spaziano
10. Return of Service – Steven Donovan
11. Return of Service – Karen Smith-Pascoli
12. Return of Service – Rita Kerwick-Blythe
13. Return of Service – Johnston Federation of Teachers
14. Return of Service – Dr. Elizabeth L. Mantelli
15. Return of Service – Margaret Iacovelli
16. Return of Service – Town of Johnston School Department
17. Return of Service – Richard F. Connors
18. Complaint
19. R.I. Superior Court Civil Cover Sheet
20. R.I. Superior Court Receipt

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**TIMOTHY J. BARNES,**
**Plaintiff,**

**v.**

C.A. No. 04- 4558

CA 05 072 L

**TOWN OF JOHNSTON,** by and through its treasurer, **RICHARD F. CONNORS, TOWN OF JOHNSTON SCHOOL DEPARTMENT, JOHNSTON FEDERATION OF TEACHERS, LOCAL 1702/AMERICAN FEDERATION OF TEACHERS, DR. MICHAEL W. JOLIN,** individually and in his official capacity as the former Superintendent of the Town of Johnston School Department, **MARGARET IACOVELLI, Alias,** individually and in her official capacity as the Superintendent of the Town of Johnston School Department, **RITA KERWICK-BLYTHE, Alias, DR. ELIZABETH L. MANTELLI, Alias, TIMOTHY SPROULS, Alias, MICHAEL TARABORELLI, Alias, GREGORY RUSSO, Alias, LOU SALERA, Alias, STEVEN DONOVAN, Alias, KAREN SMITH-PASCOLI, Alias, ERIK BRYSON, Alias, LOU MARTONE, Alias, CAROL SPAZIANO, Alias, JOHN DOE,**
**Defendants**

**COMPLAINT**

**I. Introductory Statement**

This is an action brought by the Plaintiff, Timothy J. Barnes, seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief as well as compensatory and punitive damages to remedy the unlawful acts and/or omissions committed by Defendants in violation of Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §1961 et seq., Rhode Island Racketeer Influenced and Corrupt Organization Act ("RIRICO"), R.I.G.L. §7-15-1, *et al.*, the Labor-Management Reporting and Disclosure Act of 1959 ("LMRD"),

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2004 AUG 19 P 3:43

123498

1 CRJ
YJ
5512

29 U.S.C. §411, the Rhode Island Privacy Act ("RIPA"), R.I.G.L. §9-1-28.1 and common law. The Plaintiff also seeks damages and other relief for violations of Plaintiff's right to freedom of speech protected under the First and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, and under Article I, §§2 and 21 of the Rhode Island Constitution, actionable directly under state law in accordance with <u>Jones v. State of Rhode Island</u>, 724 F.Supp. 25 (D.R.I. 1989).

## II. <u>Parties</u>

1. The Plaintiff, Timothy J. Barnes, is a resident of the Town of North Kingstown, South County, State of Rhode Island, and was, at all relevant times herein, employed as a teacher by Defendant Town of Johnston.

2. Defendant Town of Johnston ("Town") is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its Treasurer, Richard F. Connors, the official designated by State Law, R.I.G.L. §45-15-5, to be named in a suit for relief against the Town.

3. Defendant Town of Johnston School Department ("Department") is a school department duly organized and existing under the laws of the State of Rhode Island.

4. Defendant Johnston Federation of Teachers Local 1702/American Federation of Teachers ("Union") is an unincorporated labor organization, engaged in the organization and representation of teachers in Defendant Town. Defendant Union maintains an office location at 356 Smith Street, Providence, Rhode Island 02908.

5. Defendant Dr. Michael W. Jolin ("Jolin") is sued individually and in his official capacity as the former Superintendent of Defendant Town.

6. Defendant Margaret Iacovelli ("Iacovelli") is sued individually and in her official capacity as Superintendent of Defendant Town.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

7. Rita Kerwick-Blythe ("Kerwick-Blythe"), alias, was, at all relevant times herein, President of the Defendant Union.

8. Dr. Elizabeth L. Mantelli ("Mantelli"), alias, was, employed by Defendant Town as the Principal of Town Senior High School during the 2002-03 academic year.

9. Timothy Sprouls ("Sprouls"), alias, was, at all relevant times herein, employed by Defendant Town as a teacher in the Town Senior High School, and, on information and belief, was a Defendant Union representative at the Town Senior High School.

10. Michael Taraborelli ("Taraborelli"), alias, was, at all relevant times herein, employed by Defendant Town as a teacher and Chairman of the Social Studies Department in the Town Senior High School, and, on information and belief, was a Defendant Union representative at the Town Senior High School.

11. Gregory Russo ("Russo"), alias, was, at all relevant times herein, employed by Defendant Town as the Vice Principal of Town Senior High School, and, on information and belief, was a member of the Defendant Union.

12. Lou Salera ("Salera"), alias, was, at all relevant times herein, employed by Defendant Town as a teacher in the Town Senior High School, and, on information and belief, was a member of the Defendant Union.

13. Steven Donovan ("Donovan"), alias, was, at all relevant times herein, employed by Defendant Town as a teacher in the Town Senior High School, and, on information and belief, was a Defendant Union representative at the Town Senior High School.

14. Karen Smith–Pascoli ("Smith-Pascoli"), alias, was, at all relevant times herein, employed by Defendant Town as a teacher in the Town Senior High School, and, on information and belief, was a member of the Defendant Union.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

15. Lou Martone ("Martone"), alias, was, at all relevant times herein, employed by Defendant Town as a teacher in the Town Senior High School, and, on information and belief, was a member of the Defendant Union.

16. John Doe ("Doe"), alias, was, at all relevant times herein, employed by Defendant Town as Vice Principal of the Town Senior High School, and, on information and belief, was a member of the Defendant Union.

## III. Jurisdiction

17. This Court has jurisdiction over the Plaintiff's claims under the RIPA pursuant to R.I.G.L. §9-1-28.1(b), jurisdiction over the Plaintiff's claims under the RIRICO pursuant to R.I.G.L. 7-15-4, jurisdiction over the Plaintiff's claims under Article 1, §§6 and 21 of the Rhode Island Constitution pursuant to Jones v. State of Rhode Island, concurrent jurisdiction over the Plaintiff's claims under RICO pursuant to 18 U.S.C. §1964(c), concurrent jurisdiction over the Plaintiff's claims under the LMRD pursuant to 29 U.S.C. §412, and concurrent jurisdiction over the Plaintiff's claims under the First and Fourteenth Amendments to the United States Constitution pursuant to 28 U.S.C. §§1331 and 1343.

## IV. Venue

18. Venue is proper in this Court in accordance with R.I.G.L. §9-4-3 insofar as some one of the Defendants may be found in the County of Providence, State of Rhode Island, and because the unlawful employment practices alleged herein occurred in the County of Providence, State of Rhode Island.

## V. Allegations Common to All Causes of Action

19. On or about August, 2000, Plaintiff was hired by Defendant Department as a Social Studies teacher at the Town Senior High School ("School").

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

20. Subsequent to his hiring by Defendant Department, the Plaintiff was subjected to an ongoing pattern of harassing, intimidating, assaultive, humiliating, and embarrassing behavior by Defendants.

21. Specifically, immediately after Plaintiff began working at the School, Defendants Donovan and Salera began to harass the Plaintiff.

22. Defendants Donovan and Salera verbally harassed and teased the Plaintiff, hid his teaching material, and performed practical jokes upon the Plaintiff in the presence of other co-workers and students.

23. In or about October, 2000, the Plaintiff confronted Defendants Donovan and Salera and requested that they cease the harassment.

24. In response, Defendants Donovan and Salera posted Plaintiff's request, in written form, in the School's teachers lounge.

25. As a result, Plaintiff was isolated, ignored, and ostracized by members of the School's faculty.

26. On or about November, 2000, Defendant Taraborelli, the chairman of the School's Social Studies Department, arranged a meeting with the Plaintiff and Defendants Donovan and Salera. At this meeting, Plaintiff was forced to apologize to Defendants Donovan and Salera for his actions and was advised by Defendant Taraborelli that he was "too focused on [his] job" and "should not work so hard."

27. On or about June 22, 2001, Defendant Union organized a union meeting, wherefore union members, including the Plaintiff, were requested to sign a letter entitled "An Open Letter to Parents of Johnston High School Students" (hereinafter referred to as "Letter").

A True Copy Attest
Office of Clerk Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

28. The Letter, among other things, outlined purported administrative misconduct and indecencies by the School administration and Patricia K. Pitocchi, the School's former principal.

29. The Plaintiff refused to sign the Letter at the union meeting.

30. On or about August 14, 2001, the Letter was circulated to the entire School faculty requesting their agreement to send the Letter to the School's students and parents.

31. Again, the Plaintiff refused to support or assent to the Letter.

32. Subsequent to Plaintiff's refusal to sign or acquiesce to the Letter, the Plaintiff began to experience workplace harassment, retaliation, and assault.

33. Specifically, in or about August, 2001, Defendants Taraborelli and Salera stated, in the presence of the Plaintiff, that those individuals who disagreed with the Letter "would have some big problems to deal with."

34. On or about September 4, 2001, the Plaintiff was subjected to physical harassment, whereas School faculty members, including, but not limited to, Defendant Salera, physically assaulted the Plaintiff at work.

35. On or about September 5, 2001, the Plaintiff spoke with Defendants Salera and Spaziano, who both stated that Plaintiff's opposition to the Letter was a "big problem."

36. On or about September 5, 2001, the Plaintiff met with Defendant Sprouls, Plaintiff's Union representative. At the meeting, Plaintiff described the harassment he was experiencing due to his opposition to the Letter and requested that the harassment cease.

37. In response, on or about September 7, 2001, Defendant Sprouls arranged a meeting with himself, the Plaintiff, and Defendants Taraborelli and Russo.

38. At the meeting, Defendants Sprouls, Taraborelli and Russo accused the Plaintiff of supporting and collaborating with the School administration and principal and questioned Plaintiff's loyalty to the Union.

39. Between or about September, 2001 through October, 2001, in retaliation for Plaintiff's refusal to sign the Letter, the harassment by Defendant faculty members intensified.

True Copy Attest
Office of Clerk Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

40. For example, the Plaintiff was ostracized, various signs regarding the Plaintiff and his support of the Letter were placed on Plaintiff's classroom desk and faculty common areas, and, on numerous occasions, Defendants Taraborelli and Salera physically assaulted the Plaintiff.

41. On or about October 4, 2001, Defendant Taraborelli interrupted Plaintiff during a classroom lesson by violently grabbing a projector cart and pushing it towards the Plaintiff.

42. On or about October 5, 2001, Plaintiff's projector cart was stolen from his classroom and placed in another part of the School building.

43. On or about November 2, 2001, a written note was placed on Plaintiff's classroom desk, which read: "The benefit of being in a Union—you can be a Benedict Arnold and get protection from the Union too!"

44. On or about November 6, 2001, Defendant Taraborelli violently pushed the Plaintiff while Plaintiff was urinating in the faculty bathroom.

45. On or about December 12, 2001, a poster entitled "The Faces of Evil," which contained photographs of known terrorists along with superimposed photographs of prior School administrators inlayed upon it, was placed in Plaintiff's workplace mailbox.

46. On or about December 18, 2001, Defendant Doe, the School's Vice-Principal, in retaliation for Plaintiff's refusal to sign and/or support the Letter, falsely stated in a classroom observation evaluation that Plaintiff left his class unattended for a period of time.

47. Plaintiff subsequently questioned Defendant Doe about the erroneous statement, and Defendant Doe admitted the statement was false but refused to remove the statement from the evaluation.

48. On two (2) separate occasions, on or about January 4 and 8, 2002, trash from a bathroom garbage receptacle was placed in Plaintiff's classroom desk drawers.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

49. Due to the ongoing harassment Plaintiff experienced at his workplace, Plaintiff filed two (2) grievance reports with the Union, both dated January 15, 2002. The first grievance report stated in pertinent part: "Employer fails to provide safe working conditions: intimidating posters and pamphlets; intimidating and harassing conduct; garbage thrown in my desk draws from toilet waste basket." The second report related to Defendant Doe's aforementioned failure to remove the false statements from Plaintiff's classroom evaluation.

50. On information and belief, Defendants Union, Kerwick-Blythe, Sprouls, and Taraborelli failed and/or refused to enact remedial measures in response to the aforementioned Union grievance reports and halt the discriminatory conduct.

51. On or about May 15, 2002, Defendant Doe called one of Plaintiff's students on his cell phone during class and instructed the student to tell the Plaintiff, "Hello and that I am thinking of him."

52. On or about May 20, 2002, Defendant Bryson physically assaulted the Plaintiff at School by knocking the Plaintiff with his shoulder.

53. On or about May 21, 2002, while in a faculty common area, Defendant Martone states, in the presence of and in referring to the Plaintiff, "We should take that asshole out back and beat his ass." Following this statement, Defendant Martone had to be restrained and calmed by other faculty member.

54. On two (2) separate occasions, on or about May 21 and 23, 2002, Defendant Smith-Pascoli intentionally knocked into the Plaintiff causing the Plaintiff to spill hot coffee onto his hands, dress, and shoes, and stated to the Plaintiff, "Stay out of my way." These assaults occurred in Plaintiff's classroom and in front of his students.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

55. On or about May 23, 2002, Plaintiff's overhead projector was again stolen from a locked storage room, wherein only faculty members have access. Plaintiff did not locate the projector until the end of that school day.

56. On or about May 31, 2002, the Plaintiff met with Defendant Mantelli, Principal of the School, to discuss the ongoing harassment, intimidation, and ostracization he was experiencing at the workplace.

57. On information and belief, Defendant Mantelli failed and/or refused to enact remedial measures to eradicate such harassment, intimidation, and ostracization.

58. In August, 2002, the Plaintiff suffered an injury to his shoulder requiring surgery.

59. The Plaintiff subsequently informed the Department's Human Resource Office and Defendant Mantelli of the aforementioned injury and surgery.

60. Following the surgery, the Plaintiff was medically excused from work until or about October 7, 2002.

61. Despite being medically excused from working, the Plaintiff, with the verbal authorization of Defendants Mantelli and Jolin, continued to work two (2) to three (3) days per week.

62. That on or about September 21, 2002, the Department's interim superintendent, Robert Wallace, met with the Plaintiff and explained to him that Defendant Mantelli had concerns about the Plaintiff being in the School building while on medical leave. Mr. Wallace also stated that Defendant Mantelli disavowed any knowledge of agreeing to allow the Plaintiff work during his medical leave.

63. Further, Mr. Wallace stated that Defendant Mantelli and other School faculty members believed it "was bad for morale" for the Plaintiff to work during his medical leave.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

64. On information and belief, such false statements by Defendant Mantelli and other School faculty were in retaliation for Plaintiff's objection to the Letter.

65. In October, 2002 through November, 2002, the Plaintiff experienced increased harassment from Defendants Salera, Donovan, Martone, and Taborelli.

66. Specifically, Defendants Salera, Donovan, Martone, and Taborelli would verbally harass, joke, and ridicule the Plaintiff regarding his complaints of harassment at the workplace.

67. That on five (5) occasions throughout the end of November, 2002 and the beginning of December, 2002, trash was placed in boxes atop the Plaintiff's desk.

68. On or about June, 2003, Plaintiff was terminated by Defendant Department.

69. That Plaintiff's termination was in retaliation for his complaints of harassment by members of Defendant Union and employees of Defendant Department, including, Defendants Sprouls, Taraborelli, Russo, Salera, Smith-Pascoli, Donovan, Bryson, Martone, and Spaziano.

70. That Defendants Town, Department, Jolin, and Russo failed to properly select, train, instruct, supervise, and discipline members of the School Department, including Defendants Sprouls, Taraborelli, Russo, Salera, Smith-Pascoli, Donovan, Bryson, Martone, and Spaziano.

71. That on information and belief, during all relevant time periods, a custom or policy existed in the Town School Department wherein members' misconduct was encouraged, ignored, acquiesced to and/or condoned, and to which Defendants Town, Department, Jolin, and Russo were deliberately indifferent.

72. That Defendant Town is liable under the doctrine of <u>respondeat</u> <u>superior</u> for the negligent acts and/or omissions of its administrators, teachers and agents, including Defendants Sprouls, Taraborelli, Russo, Salera, Smith-Pascoli, Donovan, Bryson, Martone, and Spaziano employed by the Town School Department and under the supervision of Defendant Jolin, whose

True Copy Attest
Office of Clerk Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

acts and/or omissions were within the scope of their employment and were the proximate cause of the injuries suffered by the Plaintiff. R.I.G.L. §9-31-1.

73. That Defendants knew or should have known that the harassment, assault, ridicule, and humiliation of the Plaintiff was unlawful under the circumstances. Despite such knowledge, the Town, by and through their policy-making officials and agents, approved, ignored, acquiesced to, condoned, intentionally ignored, and/or were deliberately indifferent to the practice of routinely and unlawfully, harassing, assaulting, intimidating, and humiliating individual employees at the Town Senior High School.

74. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to the Plaintiff's constitutionally protected rights. Furthermore, at all relevant times, the Defendants knew or should have known that their conduct would cause or contribute to the deprivation of Plaintiff's civil rights and cause the Plaintiff great harm.

75. Defendants' actions and/or omissions are in violation of RICO, the LMRD, RIRICO, the RIPA, First and Fourteenth Amendments to the United States Constitution, and Article I, §§2 and 21 of the Rhode Island Constitution and common law, and were negligent, intentional, willful, malicious, and/or with reckless and callous indifference to the constitutionally and statutorily protected rights of the Plaintiff.

76. As a proximate result of the Defendants' acts and/or omissions, including but not limited to these described herein, the Plaintiff has suffered, and will continue to suffer, severe physical pain and suffering, severe mental anguish, incur expenses for medical care and treatment, deprivation of his civil rights, and other great damage.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## VII. Claims For Relief

77. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 76 of this Complaint in each of the counts below with the same force and effect as if set forth therein.

### Count One
### Unlawful Violation of 18 U.S.C. §1961, *et seq.*

78. The actions and/or omissions of Defendants, including but not limited to those described herein, constitute a pattern of racketeering activity that has injured, harmed and otherwise damnified the Plaintiff in his person and business in violation of 18 U.S.C. §1961, et seq.

### Count Two
### Unlawful Violation of R.I.G.L. §7-15-4(c)

79. The actions and/or omissions of Defendants, including but not limited to those described herein, constitute a pattern of racketeering activity that has injured, harmed and otherwise damnified the Plaintiff in his person and business in violation of R.I.G.L. §7-15-4(c).

### Count Three
### Deprivation of Rights Secured Under 29 U.S.C §411

80. The actions and/or omissions of Defendants including, but not limited to, those described herein, deprived Plaintiff of his fundamental right of speech, causing Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under 29 U.S.C §411.

### Count Four
### Deprivation of the Rights Secured under R.I.G.L. §9-1-28.1

81. The actions and/or omissions of Defendants including, but not limited to, those described herein, deprived Plaintiff of rights secured under R.I.G.L. §9-1-28.1.

### Count Five
### Deprivation of the Right of Freedom of Speech in Violation of 42 U.S.C. §1983

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

82. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, deprived Plaintiff of his fundamental right of speech, causing Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

**Count Six**
**Unlawful Violation of Article I, §§2 and 21 of the Rhode Island Constitution**

83. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including but not limited to those described herein, deprived Plaintiff of his fundamental right of speech, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Article I, §§2 and 21 of the Rhode Island Constitution.

**Count Seven**
**Assault**

84. That Defendants Sprouls, Taraborelli, Russo, Salera, Smith-Pascoli, Donovan, Bryson, Martone, and/or Spaziano, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did commit acts of a threatening nature towards the Plaintiff, causing the Plaintiff to reasonably fear imminent bodily harm, thereby committing an assault, causing the Plaintiff to suffer damages as aforesaid.

**Count Eight**
**Battery**

85. The actions and/or omissions of Defendants Sprouls, Taraborelli, Russo, Salera, Smith-Pascoli, Donovan, Bryson, Martone, and/or Spaziano, by their individual and concerted acts and/or omissions, including but not limited to those described herein, did intentionally cause offensive contact with and unconsented touching of the Plaintiff as well as trauma upon the body

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

of the Plaintiff, thereby committing a battery, causing the Plaintiff to suffer damages as aforesaid.

**Count Nine**
**Negligence**

86. That Defendants, by their individual or concerted acts and/or omissions, including, but not limited to, those described herein, failed or refused to exercise reasonable care to avoid inflicting reasonably foreseeable harm to the Plaintiff, causing the Plaintiff to suffer damages as aforesaid.

**Count Ten**
**Intentional Infliction of Emotional Distress**

87. That as a result of the Defendants' intentional and reckless acts and/or omissions, whereby Defendants intended to inflict emotional distress or knew or should have known that emotional distress was likely to occur due to their extreme and outrageous conduct, the Plaintiff has suffered severe emotional distress and has been caused to suffer damages as aforesaid.

**Count Eleven**
**Negligent Infliction of Emotional Distress**

88. That as a direct and proximate result of Defendants' negligent acts and/or omissions as aforesaid, Plaintiff has suffered emotional distress with physical manifestations thereof, that a reasonable person would have suffered under the circumstances described herein, and thereby has been caused to suffer damages as aforesaid.

## II. Prayers for Relief

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment that Defendants, in the manner described herein, unlawfully discriminated against the Plaintiff in violation Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1961 et seq., Rhode Island Racketeer Influenced and Corrupt Organization Act, R.I.G.L.

True Copy Attest
Office of Clerk, Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

§7-15-4(c), the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §411, and the Rhode Island Privacy Act, §9-1-28.1.

2. A declaratory judgment that Defendants, in the manner described herein, violated the First and Fourteenth Amendments to the United States Constitution and Article I, §§2 and 21 of the Rhode Island Constitution by violating Plaintiff's fundamental rights of freedom of religion, speech, and/or association.

3. Enjoining and permanently restraining Defendants from violating Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §1961 et seq., Rhode Island Racketeer Influenced and Corrupt Organization Act, R.I.G.L. §7-15-4(c), the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §411, and the Rhode Island Privacy Act, §9-1-28.1.

4. Enjoining and permanently restraining Defendants from violating the First and Fourteenth Amendments to the United States Constitution and Article I, §§6 and 21 of the Rhode Island Constitution.

5. An award of compensatory damages.

6. An award of punitive damages.

7. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to Racketeer Influenced and Corrupt Organization Act. 18 U.S.C. §1964.

8. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to the Rhode Island Racketeer Influenced and Corrupt Organization Act. R.I.G.L. §7-15-4(c).

9. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §412.

10. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to the Rhode Island Privacy Act. R.I.G.L. §9-1-28.1(b).

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

11. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to 42 U.S.C. §1988.

12. An award of reasonable attorney's fees and costs of litigation to Plaintiff's attorney pursuant to Article 1, §§6 and 21 of the Rhode Island Constitution.

13. An award of statutory interest.

14. Such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

Plaintiff hereby designates V. Edward Formisano, Esquire, as trial counsel.

PLAINTIFF
By his attorneys,
**SINAPI, FORMISANO & COMPANY, LTD.**

Dated: August 19, 2004

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040(facsimile)

A true copy attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island