UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TIMOTHY J. BARNES | : | |
| vs. | : | C.A. No. 05-72L |
| TOWN OF JOHNSTON, by and through its Treasurer, RICHARD F. CONNORS, TOWN OF JOHNSTON SCHOOL DEPARTMENT, JOHNSTON FEDERATION OF TEACHERS, LOCAL 1702/AMERICAN FEDERATION OF TEACHERS, DR. MICHAEL W. JOLIN, Individually and in his official capacity as the Superintendent of the Town of Johnston School Department, RITA KERWICK-BLYTHE, Alias, DR. ELIZABETH L. MANTELLI, Alias, TIMOTHY SPROULS, Alias, MICHAEL TARABORELLI, Alias, GREGORY RUSSO, Alias, LOU SALERA, Alias, STEVEN DONOVAN, Alias, KAREN SMITH-PASCOLI, Alias, ERIK BRYSON, Alias, LOU MARTONE, Alias, CAROL SPAZIANO, Alias, JOHN DOE | : | |

ANSWER AND COUNTERCLAIM OF DEFENDANT, KAREN SMITH-PASCOLI (FABER), TO THE PLAINTIFF'S COMPLAINT

That portion of the plaintiff's complaint entitled "Introductory Statement" contains statements of law and conclusionary statements of law and fact and requires no answer. However, to the extent that it contains allegations of fact addressed to this defendant, it is denied.

PARTIES

FIRST DEFENSE

The defendant, Karen Smith-Pascoli (Faber), admits the allegations of ¶ 14 of that portion of the plaintiff's complaint entitled "Parties".

6

SECOND DEFENSE

The defendant, Karen Smith-Pascoli (Faber), admits the allegations of ¶ 1 of that portion of the plaintiff's complaint entitled "Parties" except that the defendant has no knowledge concerning the plaintiff's residency and leaves the plaintiff to his proof thereof.

THIRD DEFENSE

The defendant, Karen Smith-Pascoli (Faber), states that she believes that the allegations of ¶¶ 2-10 and 12, 13, and 15 are true.

FOURTH DEFENSE

The defendant, Karen Smith-Pascoli (Faber), denies the allegations of ¶ 11 of the plaintiff's complaint.

FIFTH DEFENSE

The allegations of ¶ 16 are addressed to another defendant, but to the extent that the allegations are directed to the defendant, Karen Smith-Pascoli (Faber), they are denied.

JURISDICTION

That portion of the plaintiff's complaint entitled "Jurisdiction" contains statements of law and conclusionary statements of law and fact and requires no answer. However, to the extent that it contains allegations of fact addressed to this defendant, it is denied.

VENUE

The defendant, Karen Smith-Pascoli (Faber), denies the allegations contained in that portion of the plaintiff's complaint entitled "Venue".

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

FIRST DEFENSE

The defendant, Karen Smith-Pascoli (Faber), admits the allegations of ¶ 19 of the plaintiff's complaint.

SECOND DEFENSE

The defendant, Karen Smith-Pascoli (Faber), neither admits nor denies the allegations of ¶¶ 58-63 of the plaintiff's complaint but leaves the plaintiff to his proof thereof.

THIRD DEFENSE

The defendant, Karen Smith-Pascoli (Faber), denies the allegations of ¶¶ 20, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 39, 40, 42, 46, 49, 50, 53, 54, 55, 56, 57, 64, 69, 70, 71, 72, 73, 74, 75, and 76.

FOURTH DEFENSE

The remaining paragraphs of that portion of the complaint entitled "Allegations Common to All Causes of Action" are addressed to other defendants and requires no answer from this defendant. To the extent that the remaining allegations can be construed as allegations against this defendant, they are denied.

CLAIMS FOR RELIEF

FIRST DEFENSE

The defendant, Karen Smith-Pascoli (Faber), incorporates by reference herein her answer to ¶¶ 1-76 of the plaintiff's complaint.

SECOND DEFENSE

The defendant, Karen Smith-Pascoli (Faber), denies the allegations of Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, and Eleven of the plaintiff's complaint.

PRAYERS FOR RELIEF

The defendant, Karen Smith-Pascoli (Faber), denies that the plaintiff is entitled to the relief requested.

FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to bring his action within the time provided by the applicable statute of limitations.

SECOND AFFIRMATIVE DEFENSE

The defendant, Karen Smith-Pascoli (Faber), pleads statutory and common law immunity as a bar to the plaintiff's action.

KAREN SMITH-PASCOLI (FABER)
By her attorney,

Anthony F. DeMarco, Esquire #0799
REYNOLDS, DeMARCO & BOLAND, LTD.
170 Westminster Street, Suite 200
Providence, RI 02903
(401) 861-5522
Fax: (401) 331-4861

THE DEFENDANT, KAREN SMITH-PASCOLI (FABER), HEREBY DEMANDS A TRIAL BY JURY.

Anthony F. DeMarco, Esquire #0799

## *COUNTERCLAIM AGAINST PLAINTIFF TIMOTHY BARNES*

1. Karen Smith-Pascoli (Faber) is an individual and resident of North Kingstown, Rhode Island.

2. Upon information and belief, Timothy Barnes is an individual and resident of North Kingstown, Rhode Island.

3. This Court has supplemental jurisdiction over the allegations contained in this counterclaim pursuant to 28 U.S.C. § 1367(a).

4. On May 23, 2002, Timothy Barnes physically contacted Karen Smith-Pascoli (Faber) in the teachers' room of Johnston High School.

5. Such physical contact was uninvited, unwarranted and unjustified.

6. The unwanted physical contact caused Karen Smith-Pascoli (Faber) to lose her footing, stumble into a chair and spill coffee on herself.

7. Upon information and belief, the unwanted physical contact was premeditated, intentional and deliberate.

8. Further, upon information and belief, the unwanted physical contact was made at the request of, and after deliberation with, Olga Pardo.

## *COUNT ONE (BATTERY)*

9. Karen Smith-Pascoli (Faber) restates the allegations of Paragraphs 1 through 8 of this Counterclaim as if more fully set forth herein.

10. Timothy Barnes's unwanted physical encounter was an act that was intended to cause, and did cause, an offensive contact with or unconsented touching of or trauma upon the body of Karen Smith-Pascoli (Faber).

11. As a result of this battery, Karen Smith-Pascoli (Faber) has suffered damages.

***COUNT TWO (CONSPIRACY TO COMMIT BATTERY)***

12. Karen Smith-Pascoli (Faber) restates the allegations of Paragraphs 1 through 11 of this Counterclaim as if more fully set forth herein.

13. There was an agreement between Timothy Barnes and Olga Pardo to cause the battery Timothy Barnes inflicted on Karen Smith-Pascoli (Faber) on May 23, 2002.

14. The battery Timothy Barnes inflicted on Karen Smith-Pascoli (Faber) on May 23, 2002, was unlawful and tortious.

15. As a result of this civil conspiracy, Karen Smith-Pascoli (Faber) has suffered damages.

WHEREFOR, for the reasons set forth herein, Karen Smith-Pascoli (Faber) hereby requests judgment in her favor and against the defendant-in-counterclaim, Timothy Barnes, and an award of compensatory damages, punitive damages, attorneys' fees and costs, together with interest on all sums so awarded.

A JURY TRIAL IS HEREBY DEMANDED.

KAREN SMITH-PASCOLI (FABER)
By her attorneys,

Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411

CERTIFICATION

I hereby certify that on the 1st day of April, 2005, I mailed a copy of the within to V. Edward Formisano, Esquire, SINAPI, FORMISANO & COMPANY, LTD., 100 Midway Place, Suite 1, Cranston, RI 02920-5707; Marc DeSisto, Esquire, DeSisto Law, 211 Angell Street, P.O. Box 2563, Providence, RI 02906-2563; Douglas J. Emanuel, Esquire, CHACE, RUTTENBERG & FREEDMAN, LLP, One Park Row, Suite 300, Providence, RI 02903-1288; and Mark Gursky, Esquire, Gursky Law, 420 Scrabble Town Road, Suite C, North Kingstown, RI 02852.

Susan Auclair

3 08
ED