UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TIMOTHY J. BARNES | : | |
| | : | |
| VS. | : | C.A. NO.: 05-072 L |
| | : | |
| TOWN OF JOHNSTON, by and through its treasurer, RICHARD F. CONNORS, TOWN OF JOHNSTON SCHOOL DEPARTMENT, JOHNSTON FEDERATION OF TEACHERS, LOCAL 1702/AMERICAN FEDERATION OF TEACHERS, DR. MICHAEL W. JOLIN Individually and in his official capacity as the Superintendent of the Town of Johnston School Department, RITA KERWICK-BLYTHE, Alias DR. ELIZABETH L. MANTELLI, Alias, MICHAEL TARABORELLI, Alias GREGORY RUSSO, Alias, LOU SALERA, Alias STEVEN DONOVAN, Alias, KAREN SMITH-PASCOLI, Alias, JULIA ZARELLA, Alias, PAUL GERMANOWSKI, Alias, EMILA RUGGERIO, Aias, CHRISTINA MESOLELLA, Alias | : | |

**JOHNSTON FEDERATION OF TEACHERS LOCAL 1702/AMERICAN FEDERATION OF TEACHERS ANSWER AND AFFIRMATIVE DEFENSES**

## I. Introductory Statement

The allegations contained in Plaintiff's introductory statement are allegations to which no response is required.

## II. Parties

1. Johnston Federation of Teachers Local 1702/American Federation of Teachers ("Local 1702") admits that plaintiff, Timothy J. Barnes ("Barnes") was employed as a teacher by defendant, Town of Johnston ("Johnston"). Local 1702 is

15

without knowledge sufficient to form a belief as to truth of the remaining allegations contained in paragraph 1; therefore it denies these allegations.

2. Admit.

3. Admit.

4. Admit.

5. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 5; therefore it denies these allegations.

6. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 6; therefore it denies these allegations.

7. Local 1702 admits that Rita Kerwick-Blythe ("Kerwick-Blythe") was a president of Local 1702 from approximately 1993 until 2002. Local 1702 denies the allegations contained in paragraph 7.

8. Admit.

9. Deny.

10. Local 1702 admits that Michael Taraborelli ("Taraborelli") was employed by Johnston as a teacher at the senior high school. Local 1702 denies the allegations contained in paragraph 10.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 16; therefore it denies these allegations.

## III. Jurisdiction

17. Deny.

## IV. Venue

18. Deny.

## V. Allegations Common to All Causes of Action

19. Admit.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 26; therefore it denies these allegations.

27. Deny.

28. Deny.

29. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 29; therefore it denies these allegations.

30. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 30; therefore it denies these allegations.

31. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 31; therefore it denies these allegations.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Local 1702 admits that Barnes met with Sprouls to complain about alleged harassment at work. Local 1702 denies the remaining allegations contained in paragraph 36.

37. Local 1702 admits that Sprouls arranged meeting, at Barnes request, with Taraborelli and Russo. Local 1702 denies the remaining allegations contained in paragraph 37.

38. Deny.

39. Deny.

40. Deny.

41. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 41; therefore it denies these allegations.

42. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 42; therefore it denies these allegations.

43. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 43; therefore it denies these allegations.

44. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 44; therefore it denies these allegations.

45. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 45; therefore it denies these allegations.

46. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 46; therefore it denies these allegations.

47. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 47; therefore it denies these allegations.

48. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 48; therefore it denies these allegations.

49. Local 1702 admits that Barnes filed a grievance alleging, in pertinent part, that Johnston failed to provide him with safe working conditions. Local 1702 denies the remaining allegations contained in paragraph 49.

50. Deny.

51. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 51; therefore it denies these allegations.

52. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 52; therefore it denies these allegations.

53. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 53; therefore it denies these allegations.

54. Deny.

55. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 55; therefore it denies these allegations.

56. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 56; therefore it denies these allegations.

57. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 57; therefore it denies these allegations.

58. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 58; therefore it denies these allegations.

59. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 59; therefore it denies these allegations.

60. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 60; therefore it denies these allegations.

61. Local 1702 admits that, in late 2002, Barnes worked two to three days per week. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 61; therefore it denies these allegations.

62. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 62; therefore it denies these allegations.

63. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 63; therefore it denies these allegations.

64. Deny.

65. Deny.

66. Deny.

67. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 67; therefore it denies these allegations.

68. Local 1702 admits that Barnes' employment was "non-renewed" by Johnston. Local 1702 is without knowledge sufficient to form a belief as to truth of the allegations contained in paragraph 68; therefore it denies these allegations.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

VII. Claims for Relief

77. Deny.

Count One
Unlawful Violation of 18 U.S.C. §1961, et seq.

78. Deny.

Count Two
Unlawful Violation of R.I.G.L. §7-15-4(c)

79. Deny.

<u>Count Three</u>
<u>Deprivation of Rights Secured Under 29 U.S.C. §411</u>

80. Deny.

<u>Count Four</u>
<u>Deprivation of the Rights Secured under R.I.G.L. §9-1-28.1</u>

81. Deny.

<u>Count Five</u>
<u>Deprivation of the Right of Freedom of Speech in Violation of 42 U.S.C. §1983</u>

82. Deny.

<u>Count Six</u>
<u>Unlawful Violation of Article I, §§2 and 21 of the Rhode Island Constitution</u>

83. Deny.

<u>Count Seven</u>
<u>Assault</u>

84. Deny.

<u>Count Eight</u>
<u>Battery</u>

85. Deny.

<u>Count Nine</u>
<u>Negligence</u>

86. Deny.

<u>Count Ten</u>
<u>Intentional Infliction of Emotional Distress</u>

87. Deny.

<u>Count Eleven</u>
<u>Negligent Infliction of Emotional Distress</u>

88. Deny.

## II. Prayer for Relief

WHEREFORE, Local 1702 prays that this Honorable Court deny and dismiss the allegations contained in Barnes' ("Barnes") complaint and award Local 1702 its costs and counsel fees.

Respectfully submitted,

Marc B. Gursky, Esq. #2818
Gursky Law Associates
Scrabbletown Office Park
420 Scrabbletown Road, Ste C
North Kingstown, RI 02852
Telephone: (401) 294-4700
Facsimile: (401)294-4702

**AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim upon which relief may be granted.
2. The complaint is barred by the applicable period of limitations.
3. The complaint is barred by the Doctrine of Laches.
4. The complaint is barred by the Doctrine of Election of Remedies.
5. The complaint is barred for failure to utilize or exhaust intra-union remedies.
6. The complaint is barred for failure to utilize or exhaust administrative remedies.
7. Plaintiff's claim for punitive damage is barred by applicable federal law.

Respectfully submitted,

Marc B. Gursky, Esq. #2818
Gursky Law Associates
Scrabbletown Office Park
420 Scrabbletown Road, Ste C
North Kingstown, RI 02852
Telephone: (401) 294-4700
Facsimile: (401) 294-4702

Dated:

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within via first class mail, postage prepaid on the 4 day of April, 2005 to the following:

V. Edward Formisano, Esquire
Sinapi, Formisano & Company, Ltd.
100 Midway Place, Ste. 1
Cranston, RI 02920-5707

Mark DeSisto, Esquire
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906

Anthony F. DeMarco, Esquire
170 Westminster Street
Providence, RI 02903

Kerrie L Karnoski