**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **TIMOTHY J. BARNES,** **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 05-72L** |
| **TOWN OF JOHNSTON, et. al.** **Defendants.** | : | |

FILED AUG 25 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

**DEFENDANTS JOHNSTON FEDERATION OF TEACHERS LOCAL 1702'S AND RITA KERWICK-BLYTHE'S OBJECTION TO PLAINTIFF'S MOTION FOR REMAND**

Now come Defendants Johnston Federation of Teachers Local 1702 and Rita Kerwick-Blythe and hereby object to Plaintiff's motion to remand this matter to state court. In support thereof, Defendants offer the accompanying Memorandum of Law.

Respectfully submitted,
On behalf of Plaintiffs,
By ~~their~~ attorneys,

Elizabeth A. Wiens, Esq.#6827
Marc B. Gursky, Esq. #2818
Gursky Law Associates
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent, postage pre-paid, to the following parties of record on the 25 day of August, 2005.

V. Edward Formisano
Sinapi, Formisano & Company, LTD.
100 Midway Place, Suite 1
Cranston, RI 02920-5707

Douglas Emanuel, Esq.
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

Marc DeSisto, Esq.
DeSisto Law Reynolds
211 Angell Street
Providence, RI 02906

Anthony F. DeMarco, Esq.
DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **TIMOTHY J. BARNES,** Plaintiff, | : | |
| v. | : | **C.A. No. 05-72L** |
| **TOWN OF JOHNSTON, et. al.** Defendants. | : | |

FILED
2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**DEFENDANTS JOHNSTON FEDERATION OF TEACHERS LOCAL 1702'S AND RITA KERWICK-BLYTHE'S OBJECTION TO PLAINTIFF'S MOTION FOR REMAND**

Now come Defendants Johnston Federation of Teachers Local 1702 and Rita Kerwick-Blythe and hereby object to Plaintiff's motion to remand this matter to state court pursuant to 28 U.S.C. §1447. As grounds therefore, Defendant states that this Court does *not* lack subject matter jurisdiction over the claims. Thus, this Court should retain jurisdiction pursuant to 28 U.S.C. § 1367.

## I. SECTION 29 U.S.C. § 1447 DOES NOT APPLY HERE

Plaintiff erroneously contends that this case should be remanded to state court pursuant to 28 U.S.C. § 1447(c), alleging that this Court lacks subject matter jurisdiction. However, 28 U.S.C. § 1447(c) does not apply here. Rather, remand of pendent claims within the court's supplemental jurisdiction is a matter entrusted to the court's discretion under § 1367(c) [1]. Thus, when the federal claims or federal defendants are dropped from

[1] § 1367. Supplemental jurisdiction

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

...

a case, "the district court still ha[s] the power under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the other claims." Mizuna, Ltd. v. Crossland Fed. Sav. Bank, 90 F.3d 650, 657 (2d Cir. 1996).

Section 1447(c)[2] applies only if this Court lacked jurisdiction *at the time of removal*. See Prince v. Rescorp Realty, 940 F.2d 1104, 1006 (7th Cir. 1991) (a federal court determines subject matter jurisdiction at the time of removal), citing Kidd v. Southwest Airlines, Co., 891 F.2d 540, 546 (5th Cir. 1990); Price v. Highland Community Bank, 722 F. Supp. 454, 456 (N.D. Ill. 1989), aff'd 932 F.2d 601 (7th Cir. 1990). In Parker v. Della Rocco, 252 F.3d 663 (2d Cir. 2001), the court explained: "On the question of remand, the distinction between the operation of § 1447(c) and the application of § 1367 seems quite simple: 'In a Section 1447(c) remand, federal jurisdiction never existed, and in a non-Section 1447(c) remand, federal jurisdiction did exist at some point in the litigation, but the federal claims were either settled or dismissed.'" Thus, if a party files suit in federal court, "alleging a substantial and

---

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

[2] 28 U.S.C. § 1447(c), titled "Procedure after removal generally," states that:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

nonfrivolous federal claim, the district court obtains subject matter jurisdiction and may, in its discretion, exercise supplemental jurisdiction over related state law claims. Once subject matter jurisdiction exists, a district court has constitutional authority to hear related state claims *even if the federal claim is later dismissed by the district court*." United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1222 (10th Cir. 2000)(emphasis added). This principle holds true in cases removed to federal court as well. See, e.g., Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 616 (4th Cir. 2001) ("Supplemental jurisdiction authorized the district court to adjudicate the State pendent claims ... even after the federal claim dropped out of the case.").

Here, there is no dispute that, at the time of removal, this court had subject matter jurisdiction over the dispute. Accordingly, 28 U.S.C. § 1447(c) has no application, here and the cases cited by Plaintiff in support of remand are inapposite.

## II. REMAND IS NOT NECESSSARY

This Court should retain jurisdiction of this matter because Plaintiff has offered no reason why its pendant claims should be remanded to state court. To the contrary, "judicial economy, convenience and fairness" favor retention of this court's jurisdiction over Plaintiff's claims since Defendants have already filed their answer, participated in a Rule 16 conference and begun drafting discovery in federal court. See Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988).

Furthermore, Plaintiff's state law causes of action do not raise novel issues of state law. On the contrary, the claims require resort to federal law. For example, R.I.G.L. § 7-15-4 "mirrors the federal counterpart, and thus, requires a similar analysis." Carlsten v. Widecom Group, 2003 R.I. Super. LEXIS 76 (R.I. Super. Ct. 2003). This

court routinely interprets R.I.G.L. § 9-1-28.1. See e.g. Liu v. Striuli, 36 F. Supp. 2d 452 (D.R.I. 1999); Russell v. Salve Regina College, 649 F. Supp. 391 (D.R.I. 1986), aff'd, 890 F.2d 484 (1st Cir. 1989), rev'd on other grounds, 499 U.S. 225 (1991); Mendonsa v. Time Inc., 678 F. Supp. 967 (D.R.I. 1988); Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012 (1st Cir. 1988), cert. denied, 488 U.S. 821 (1988); Intercity Maintenance Co. v. Local 254 Serv. Employees Int'l Union, 62 F. Supp. 2d 483 (D.R.I. 1999), aff'd, 241 F.3d 82 (1st Cir. 2001). See also Rhode Island Federation of Teachers v. Sundlun, 1991 R.I. Super. LEXIS 164 (R.I. Super. Ct. 1991)( R.I.G.L. § 9-1-28.1 is essentially a codification of the Restatement Second of Contracts).

Finally, Plaintiff's claim against Defendant Johnston Federation of Teachers Local 1702 is essentially a breach of the duty of fair representation claim. See DiGuilio v. R.I. Bhd. of Corr. Officers, 819 A.2d 1271, 1273 (R.I. 2003). Rhode Island courts have consistently looked to federal law for guidance on this issue. See id; MacQuattie v. Malafronte, 779 A.2d 633, 636 n.3 (R.I. 2001) (per curiam); Board of Trustees, Robert H. Champlin Memorial Library v. Rhode Island State Labor Relations Board, 694 A.2d 1185, 1189 (R.I. 1997).

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Remand should be denied.

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

Elizabeth A. Wiens, Esq.#6827
Marc B. Gursky, Esq. #2818
Gursky Law Associates
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel (401)294-4700
Fax (401)294-4702

CERTIFICATION

I hereby certify that a true copy of the within document was sent, postage pre-paid, to the following parties of record on the 25 day of August, 2005.

V. Edward Formisano
Sinapi, Formisano & Company, LTD.
100 Midway Place, Suite 1
Cranston, RI 02920-5707

Marc DeSisto, Esq.
DeSisto Law Reynolds
211 Angell Street
Providence, RI 02906

Douglas Emanuel, Esq.
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

Anthony F. DeMarco, Esq.
DeMarco & Boland, Ltd.
170 Westminster Street, Suite 200
Providence, RI 02903